UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SERGIO GREGORIO SANCHEZ,<br><br>       Plaintiff,<br><br> v.<br><br>OFFICER SMITH,<br><br>       Defendant. | Case No. C19-0282-JCC-MAT<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's application for court-appointed counsel. The Court, having reviewed plaintiff's application, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's application for court-appointed counsel (Dkt. 11) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 1

evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff does not explain in his application why he believes appointment of counsel is warranted in this matter, he merely indicates that he has made attempts to obtain counsel without success. Plaintiff's inability to retain counsel independently does not constitute an exceptional circumstance sufficient to justify appointment of counsel. Applying the standard set forth above, the Court notes that plaintiff's complaint demonstrates that he is well able to articulate his claims *pro se* and that the legal issues involved are not particularly complex. As for Plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available to the Court at this juncture, this Court must conclude that plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's request for appointment of counsel is therefore denied.

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable John C. Coughenour.

DATED this 13th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 2